IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 23-00017 HG-02 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MELVIN JONES (02), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT MELVIN JONES'S MOTION TO SEVER COUNT 8
FROM COUNTS 1, 2, 3, AND 4 (ECF No. 113)**

Defendant Melvin Jones is charged in the Superseding

Indictment (ECF No. 37), as follows:

Count 1: **Conspiracy to Distribute and Possess With Intent to Distribute 50 Grams or More of Methamphetamine and 40 Grams or More of Fentanyl**, with Barry Williams and Earl Baker, on or about October 2021, Continuing to on or about August 31, 2022, in violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B);

Count 2: **Distribution of 50 Grams or More of Methamphetamine and a Detectable Amount of Fentanyl**, with Barry Williams and Earl Baker, on or about October 29, 2021, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C);

Count 3: **Distribution of 50 Grams or More of Methamphetamine**, with Barry Williams and Earl Baker, on or about November 15, 2021, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

1

**Count 4:** **Distribution of a Detectable Amount of Fentanyl**, with Barry Williams and Earl Baker, on or about November 16, 2021, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and Title 18, United States Code, Section 2; and

**Count 8:** **Possession with Intent to Distribute a Detectable Amount of Fentanyl**, on or about August 15, 2022, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

(Superseding Indictment, ECF No. 37).

Defendant Jones is charged with conspiring to distribute methamphetamine and fentanyl with Barry Williams and Earl Baker from October 2021 through August 2022.  Both Mr. Williams and Mr. Baker pleaded guilty to the conspiracy.

Mr. Williams pleaded guilty to Count 1 in the Superseding Indictment for Conspiracy to Distribute and Possess With Intent to Distribute 50 Grams or More of Methamphetamine and 40 Grams or More of Fentanyl, with Melvin Jones and Earl Baker, on or about October 2021, continuing to on or about August 31, 2022. (Judgment as to Barry Williams, ECF No. 86).

Mr. Baker also pleaded guilty to his role in the conspiracy. He pleaded guilty to an Information in United States v. Earl J. Baker, 23-cr-00038 HG, for Conspiracy to Distribute and Possess With Intent to Distribute 50 Grams or More of Methamphetamine and 40 Grams or More of Fentanyl, with Barry Williams and Melvin Jones, on or about October 2021, continuing to on or about August 18, 2022.  (Memo. of Plea Agreement as to Earl Baker in 23-cr-38

HG, ECF No. 36).

Defendant Jones has filed a Motion to Sever.  Defendant Jones seeks to sever the Possession With Intent To Distribute Fentanyl charge in Count 8 from the Conspiracy and Distribution of Fentanyl and Methamphetamine charges in Counts 1-4.  Defendant Jones argues that Count 8 was improperly joined with Counts 1-4 and would cause him undue prejudice at trial.

The Government argues that the Possession With Intent To Distribute Fentanyl charge in Count 8 was properly joined with Counts 1-4 for Conspiracy With Intent to Distribute and Distribution of Methamphetamine and Fentanyl pursuant to Fed. R. Crim. P. 8 and 14.

The Government asserts that the evidence for the possession with intent to distribute fentanyl was obtained on August 18, 2022, and is directly related to the charged conspiracy which lasted from October 2021 to August 31, 2022.  The Government argues that the possession of fentanyl occurred during the charged conspiracy, that the evidence is inextricably intertwined with the conspiracy evidence, and that all of the evidence for the joined counts would be otherwise admissible at separate trials.

Defendant's concerns about prejudice based on the joined counts are properly addressed through jury instructions.

DEFENDANT JONES'S MOTION TO SEVER (ECF No. 113) is **DENIED.**

3

## PROCEDURAL HISTORY

On February 16, 2023, the grand jury returned the Indictment, charging Defendants Barry Williams and Melvin Jones with various drug trafficking crimes.  (ECF No. 16).  Defendant Jones was charged in Counts 1, 2, 3, 4, and 8.  (Id.)

On February 17, 2023, Defendant Jones was arraigned, pleaded not guilty to the charges, and trial was set for April 18, 2023. (ECF No. 26).  Attorney Lars Isaacson was appointed to represent Defendant Jones.  (Id.)

On March 15, 2023, the Court filed the Parties' FIRST STIPULATION AND ORDER CONTINUING TRIAL DATE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT.  (ECF No. 35).

On March 16, 2023, the grand jury returned the Superseding Indictment, charging Defendants Barry Williams and Melvin Jones with various drug trafficking crimes.  (ECF No. 37).  Defendant Jones was again charged in Counts 1, 2, 3, 4, and 8.  (Id.)

On March 21, 2023, Defendant Jones was arraigned, pleaded not guilty to the charges, and trial was set for September 26, 2023.  (ECF No. 45).

On June 14, 2023, Attorney Isaacson filed a Motion to Withdraw as Counsel for Defendant Jones.  (ECF No. 49).

On June 16, 2023, Attorney Isaacson's Motion was granted and Attorney Birney Bervar was appointed as counsel for Defendant Jones.  (ECF No. 52).

On July 10, 2023, Defendant Melvin Jones filed a Motion to Continue Trial.  (ECF No. 57).

On July 11, 2023, Defendant Barry Williams pleaded guilty to Count 1 in the Superseding Indictment pursuant to a plea agreement.  (ECF Nos. 58, 60, 61, 65).

On July 13, 2023, the Court granted Defendant Jones's Motion for a Continuance of the Trial.  Trial was continued from September 26, 2023 to May 7, 2024, pursuant to the SECOND STIPULATION AND ORDER CONTINUING TRIAL DATE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT.  (ECF Nos. 62, 63).

On March 8, 2024, the Court granted the Parties' request for a further continuance of trial.  The Court approved the Parties' Stipulation to Continue Trial from May 7, 2024 to November 19, 2024.  (ECF Nos. 74, 75).

On July 10, 2024, Defendant Williams was sentenced to 246 months incarceration.  (ECF Nos. 84, 86).

Also on July 10, 2024, Attorney Bervar filed a Motion to Withdraw as Counsel for Defendant Jones.  (ECF No. 83).

On July 15, 2024, the Court held a hearing on Attorney Bervar's Motion.  (ECF No. 88).

On August 2, 2024, Attorney Bervar's Motion to Withdraw was granted.  (ECF Nos. 96, 97)

On August 6, 2024, Attorney Andrew Kennedy was appointed to represent Defendant Jones (ECF No. 99).

On September 13, 2024, the Court held a Status Conference regarding the trial date.  (ECF No. 106).  At the hearing, the Court granted Defendant Jones's oral motion to continue trial. The trial was continued from November 19, 2024 to January 8, 2025.  (Id.)  The Court set September 24, 2024 as the Motions deadline.  (Id.)

On November 15, 2024, Defendant Jones filed a Motion for Leave to File a Motion to Sever.  (ECF No. 111).

On November 18, 2024, the Court granted Defendant's Motion for Leave and allowed him to file his Motion to Sever even though it was filed well past the Motions deadline.  (ECF No. 112).

On the same date, Defendant Jones filed his MOTION TO SEVER COUNT 8 FROM COUNTS 1, 2, 3, AND 4.  (ECF No. 113).

On November 25, 2024, the Government filed its Opposition. (ECF No. 123).

On December 16, 2024, the Court held a hearing on Defendant's Motion to Sever.  (ECF No. 166).

## **STANDARD OF REVIEW**

Federal Rule of Criminal Procedure 8(a) allows for joinder of offenses against a single defendant if one of three conditions is satisfied:

(1)  the offenses charged are of the same or similar character;

(2)  the offenses charged are based on the same act or

6

transaction; or

 (3) the offenses charged are connected with or constituting parts of a common scheme or plan.

United States v. Jawara, 474 F.3d 565, 572 (9th Cir. 2007).

In a separate rule, Federal Rule of Criminal Procedure 14 allows the Court to sever counts, at its discretion, if joinder of multiple offenses in an indictment would result in manifest, undue prejudice to the defendant. Fed. R. Crim. P. 14(a); United States v. Jenkins, 633 F.3d 788, 807 (9th Cir. 2011).

Fed. R. Crim. P. 14 operates in conjunction with Fed. R. Crim. P. 8 and empowers courts to provide relief from prejudicial joinder, including ordering separate trials of counts or other relief as required. Zafiro v. United States, 506 U.S. 534, 541 (1993).

## **ANALYSIS**

### **I.  Joinder Of Multiple Offenses Pursuant To Fed. R. Crim. P. 8(a)**

Federal Rule of Criminal Procedure 8(a) allows for joinder of offenses against a single defendant if one of three conditions is satisfied:

 (1) the offenses charged are of the same or similar character;

 (2) the offenses charged are based on the same act or transaction; or

 (3) the offenses charged are connected with or constituting parts of a common scheme or plan.

United States v. Jawara, 474 F.3d 565, 572 (9th Cir. 2007).

7

The consideration of whether joinder is appropriate pursuant to Fed. R. Crim. 8 is determined solely by the allegations in the indictment.  United States v. Terry, 911 F.2d 272, 276 (9th Cir. 1990).

Defendant concedes that, based on the face of the allegations in the Superseding Indictment, Count 8 is properly joined with Counts 1, 2, 3, and 4, pursuant to Federal Rule of Criminal Procedure 8.  (Def.'s Motion at p. 10, Footnote 1, ECF No. 111-1).

It is clear from the face of the Superseding Indictment that Count 8 for Possession With Intent To Distribute Fentanyl is of the same or similar character to the Conspiracy and Distribution of Fentanyl and Methamphetamine charges in Counts 1, 2, 3, 4. Jawara, 474 F.3d at 572.

The face of the Superseding Indictment also alleges that the Possession With Intent to Distribute Fentanyl charge in Count 8 occurred during the time of the Conspiracy to Distribute Fentanyl and Methamphetamine charged in Count 1.  Id. at 578 (explaining that similarity in the elements of the statutory offenses, temporal proximity, likelihood of evidentiary overlap, location of the acts, and modus operandi weigh in favor of finding proper joinder of multiple offenses).

It is well-established that the Government may properly join conspiracy to distribute narcotics and possession of narcotics

charges that involve the same drug, in the same location, over a relatively short period of time.  See United States v. Drummondo-Farias, 622 Fed. Appx. 616, 617-18 (9th Cir. 2015) (finding the conspiracy and possession counts relating to dealing methamphetamine in Hawaii were properly joined pursuant to Fed. R. Crim. P. 8).

Count 8 was properly joined with Counts 1-4 in the Superseding Indictment pursuant to Fed. R. Crim. P. 8(a).

## II.  Joinder Of Multiple Offenses Pursuant To Fed. R. Crim. P. 14(a)

### A.  Defendant Must Demonstrate That The Joinder Of Multiple Offenses Is Manifestly Prejudicial To His Right To A Fair Trial

Federal Rule of Criminal Procedure 14(a) allows a court, in its discretion, to sever counts in an indictment where the joinder of multiple offenses "appears to prejudice a defendant...." Fed. R. Crim. P. 14(a); Zafiro v. United States, 506 U.S. 534, 538-39 (1993).

The defendant bears the burden of establishing undue prejudice pursuant to Fed. R. Crim. P. 14(a).  United States v. Smith, 795 F.2d 841, 850 (9th Cir. 1986).  The prejudice must be of such a magnitude that the defendant would be denied a fair trial absent severance of the counts.  United States v. Jenkins, 633 F.3d 788, 807 (9th Cir. 2011).

To prevail on a motion to sever based solely on the basis of

prejudice pursuant to Fed. R. Crim. P. 14(a), a defendant must show that joinder of multiple offenses is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels exercise of the court's discretion to sever. United States v. Nolan, 700 F.2d 479, 482 (9th Cir. 1982).

Some prejudice is inherent in any joinder of multiple offenses. United States v. Vaccaro, 816 F.2d 443, 448-49 (9th Cir. 1987). In order to establish a basis for severance, a defendant must show more than simple prejudice. Id.; see Zafiro, 506 U.S. at 540. The defendant must show manifest, undue prejudice that violates his right to a fair trial. United States v. Lewis, 787 F.2d 1318, 1321 (9th Cir. 1986).

**B. Defendant Has Failed To Demonstrate That The Joinder Of Multiple Offenses Is Manifestly And Unduly Prejudicial To His Right To A Fair Trial**

Joinder of counts is the rule rather than the exception. United States v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980). This presumption expedites the administration of justice, helps the court manage its dockets, and lessens the burdens upon citizens, witnesses, and juries. United States v. Gaines, 563 F.2d 1352, 1355 (9th Cir. 1977).

Defendant argues that he will be prejudiced by having one trial on the multiple counts. Defendant claims that the evidence as to Counts 1-4 may improperly influence the jury as to his

10

guilt as to Count 8.

It is not enough for the defendant to show that severance offers him a better chance of acquittal. United States v. Cardwell, 433 F.3d 378, 387 (4th Cir. 2005). Defendant must demonstrate that the prejudice he faces with multiple joined counts is of such a magnitude that he will be denied a fair trial. United States v. Vasquez-Valsco, 15 F.3d 833, 845-46 (9th Cir. 1994).

### 1.    All Evidence Would Be Cross-Admissible If The Counts Were Severed

It is well-settled that a defendant does not face manifest, unjust prejudice if the evidence for the count he seeks to sever would still be offered at a separate trial. United States v. Johnson, 820 F.2d 1065, 1070 (9th Cir. 1987) (affirming denial of defendant's severance request where all of the evidence of the separated counts would remain admissible even if the court ordered two trials); see United States v. Irvine, 756 F.2d 708, 712 (9th Cir. 1985) (per curiam).

### a.    Summary Of Conspiracy And Distribution Of Methamphetamine And Fentanyl From October 2021 Through August 2022 Evidence As To Counts 1-4

The Government proffers that in October 2021, a cooperating confidential source for the Drug Enforcement Administration

11

("DEA") advised investigators that Defendant Melvin Jones was a poly-drug, multi-pound quantity distributor in Hawaii.

The Government states that between October 26 and 29, 2021, the confidential source recorded seven phone calls with Defendant Jones that discussed prices and quantities for several different controlled substances, including methamphetamine and fentanyl.

According to the Government, on October 29, 2021, Defendant Jones told the confidential source that his "runner," an individual later identified as Earl Baker, would be picked up by his driver, later identified as Barry Williams, and that they would deliver one pound of crystal methamphetamine and 85 pills containing fentanyl to the confidential source in exchange for cash.

Later on October 29, 2021, an undercover law enforcement officer accompanied the confidential source to complete the transaction with Mr. Baker and Mr. Williams at the Longs Drugs' parking lot located 1330 Pali Highway, Honolulu, Hawaii. The undercover officer and the source arrived at the location. Mr. Baker got out of a car driven by Mr. Williams and walked over to the source and undercover officer. Mr. Baker gave the undercover officer one pound of methamphetamine and 85 pills containing fentanyl in exchange for $7,040. Mr. Baker returned to the car driven by Mr. Williams with the cash.

The Government states that in a recorded phone call on

12

November 12, 2021, Defendant Jones told the confidential source to continue to purchase drugs from him by calling Mr. Baker directly, explaining that [Mr. Williams and Mr. Baker] "they'll handle it."

The Government asserts that additional drug purchases took place between the confidential source and Mr. Baker and Mr. Williams on November 15, 2021, November 16, 2021, January 6, 2022, March 15, 2022, and August 10, 2022.

The Government proffers that Defendant Jones was involved in the continued conspiracy to distribute methamphetamine and fentanyl through August 2022.  The Government claims that phone toll analysis from October 2021 through August 2022 shows contact between Defendant Jones, Mr. Baker, and Mr. Williams, around the times of the controlled purchases through August 2022.

According to the Government, on August 18, 2022, Mr. Baker agreed to sell to the undercover officer an additional half pound of methamphetamine and agreed to meet again at the Longs Drugs' parking lot.  Upon Mr. Baker's arrival at the parking lot, he was arrested and the half-pound of methamphetamine was seized.

Following Mr. Baker's arrest, he spoke with investigators and confessed to his role in the conspiracy and explained the roles of Defendant Jones and Mr. Williams in the conspiracy.  Mr. Baker consented to a search of his cellphone and engaged in a phone call with Mr. Williams while in custody.

13

Following Mr. Baker's cooperation on August 18, 2022, Mr. Williams was arrested on August 30, 2022 for his role in the conspiracy.

The Government states that Mr. Baker will testify at Defendant's trial about Defendant Jones's role in the conspiracy from October 2021 through August 2022.  Mr. Baker pleaded guilty pursuant to a Memorandum of Plea Agreement to Conspiracy to Distribute and Possess With Intent to Distribute 50 Grams or More of Methamphetamine and 40 Grams or More of Fentanyl, with Barry Williams and Defendant Jones, from on or about October 2021, continuing to on or about the date of Mr. Baker's arrest on August 18, 2022.

Mr. Williams has also pleaded guilty to the conspiracy.  Mr. Williams's Memorandum of Plea Agreement reflects that he admitted to his involvement with Defendant Jones and Mr. Baker, in the Conspiracy to Distribute and Possess With Intent to Distribute Methamphetamine and Fentanyl, from on or about October 2021, continuing to on or about the date of Mr. Williams's arrest on August 31, 2022.

### b. Summary Of Possession Of Fentanyl Evidence On August 15, 2022 As To Count 8

The Government explains that during the pendency of the conspiracy, on August 15, 2022, a search warrant was issued for Defendant Jones's residence.  The search warrant was based on the

seven recorded phone calls with Defendant Jones along with evidence from the on-going conspiracy investigation.  The search warrant was also based on additional information provided by a second confidential source regarding Defendant Jones's engagement in drug distribution.  (Application for Search Warrant, attached as Ex. 1 to Gov't Opp., ECF No. 123-1).

The second confidential source stated that on August 15, 2022, while at Defendant Jones's residence, she touched a bag with a powdery substance and later touched her face.  She stated that this caused her to lose consciousness until Defendant Jones revived her with Narcan.  The second confidential source stated that she observed multiple types of controlled substances at Defendant Jones's residence along with scales and baggies.

The Government conducted a search of Defendant Jones's residence following the issuance of the search warrant on August 15, 2022.  The results of the search included seizure of 6.5 grams of fentanyl from Defendant Jones's bedroom, as well as additional amounts of various other controlled substances and a scale.  (Gov't Opp. at p. 7, ECF No. 123).  The results of the August 15, 2022 search provide the evidentiary basis for the charge in Count 8 of the Superseding Indictment for Possession of Fentanyl with Intent to Distribute.

      **c.    Evidence As To Count 8 Is Inextricably
Intertwined With Evidence As To Counts 1-4**

The Ninth Circuit Court of Appeals has ruled that, at trial, the government may admit evidence pertaining to the chain of events explaining the context, motive, and set up of the conspiracy.  <u>United States v. Rizk</u>, 660 F.3d 1125, 1132 (9th Cir. 2011); <u>see</u> <u>United States v. Montgomery</u>, 384 F.3d 1050, 1062 (9th Cir. 2004).  Such evidence is considered inextricably intertwined with the charged crime and is generally necessary for the Government to tell a complete story as to the charged conspiracy.  <u>Rizk</u>, 660 F.3d at 1132.

Here, the evidence of Defendant Jones's involvement in the larger conspiracy and distribution of methamphetamine and fentanyl charges in Counts 1-4 is inextricably intertwined with the possession with intent to distribute fentanyl evidence as to Count 8.  The evidence would be admissible at both trials if the counts were severed.

The evidence resulting from the August 15, 2022 search warrant is admissible as direct evidence to prove Counts 1 through 4.  As the Government explains, the results of the August 15, 2022 search tend to show that Defendant is a drug dealer in possession of various controlled substances and distribution paraphernalia and that he was involved in a conspiracy to possess with intent to distribute controlled substances, specifically

fentanyl.

The possession of fentanyl evidence is inextricably intertwined with Counts 1-4 because it constitutes part of the evidence to demonstrate that Defendant Jones participated in the planned conspiracy to distribute fentanyl.  United States v. Lillard, 354 F.3d 850, 854-55 (9th Cir. 2003).  The evidence recovered as a result of the August 15, 2022 search is closely linked to the events charged in the conspiracy as it occurred within days of one of the alleged drug distributions and during the time of the charge conspiracy.  Montgomery, 384 F.3d at 1062.

The co-admission of the conspiracy and possession evidence would be necessary in order to permit the Government to offer a coherent and comprehensible story regarding the timeline of the charges.  United States v. DeGeorge, 380 F.3d 1203, 1219-20 (9th Cir. 2004).

Severance is not warranted because the inextricably intertwined evidence would remain admissible even if the counts were severed.  The evidence is probative of the related charged crimes and it involves the same drug, in the same location, over a relatively short period of time.  United States v. Williams, 989 F.2d 1061, 1070 (9th Cir. 1993); see Drummondo-Farias, 622 Fed. Appx. at 617-18.

17

### d.    All Evidence Would Be Otherwise Admissible As 404(b) Evidence In Separate Trials

Even if the evidence was not inextricably intertwined, the evidence would be admissible at severed trials pursuant to Fed. R. Evid. 404(b).  It is well-established precedent in the Ninth Circuit Court of Appeals that evidence concerning a defendant's other acts of possession or distribution of narcotics is relevant and admissible as to issues of intent, knowledge, motive, opportunity, and absence of mistake or accident for charges of drug distribution pursuant to Fed. R. Evid. 404(b).  United States v. Vo, 413 F.3d 1010, 1018-19 (9th Cir. 2005).

Severance is not appropriate because all of the evidence as to Counts 1-4 would also be admissible as 404(b) evidence at a trial on Count 8 if tried separately.  Johnson, 820 F.2d at 1070 (explaining that if all of the evidence of the separate counts would be admissible upon severance, prejudice is not heightened by joinder); see United States v. Lane, 474 U.S. 438, 449-50 (1986) (finding no error in misjoinder of counts because same evidence would have been admissible under Fed. R. Evid. 404(b)).

The admission of the other acts evidence is not unduly prejudicial.  Fed. R. Evid. 403; Lillard, 354 F.3d at 855.

### e.    There Is Sufficient Nexus Between The Charges

Defendant cites United States v. Vizcarra-Martinez, 66 F.3d

18

1006, 1013 (9th Cir. 1995) to argue that the evidence as to Count 8 should be tried separately.  Defendant claims that he will be prejudiced in a joint trial because he wants to argue that the 6.5 grams of fentanyl recovered on August 15, 2022 was for personal use and is unrelated to the conspiracy and distribution charges in Counts 1-4.

In Vizcarra-Martinez, the Ninth Circuit Court of Appeals found that a defendant's possession of a small, user-amount of methamphetamine was inadmissible at a trial for conspiracy to possess a chemical used to manufacture methamphetamine.  The appellate court explained that there must be sufficient contextual or substantive connection between the proffered possession evidence and the alleged conspiracy crime to justify its admissibility.

Defendant's reliance on Vizcarra-Martinez is misplaced. Here, there is sufficient nexus and overlap between the evidence as to Counts 1-4 and the evidence as to Count 8.

First, unlike in Vizcarra-Martinez, the evidence as to Count 8 is probative as to the conspiracy charge in Count 1 because both charges involve an intent to distribute fentanyl.  The Count 8 evidence recovered from Defendant's residence on August 15, 2022, specifically such a large amount of fentanyl, is probative of his involvement in the Conspiracy to Distribute Fentanyl as charged in Count 1.

19

Defendant's claim regarding "user amount" of fentanyl is rebutted by the Government.  Count 8 charges that Defendant possessed fentanyl with the intent to distribute, not simple possession.  The Government disputes Defendant's argument that the fentanyl was for personal use.  The Government asserts that the evidence demonstrates that Defendant "Jones possessed thousands of potentially deadly doses" of fentanyl.  (Gov't Opp. at p. 21, ECF No. 123).

Second, Defendant is not charged with conspiracy to possess a chemical to manufacture a controlled substance as in Vizcarra-Martinez.  The appellate court in Vizcarra-Martinez explained that possession of a small amount of methamphetamine was not probative of the defendant's intent to possess hydriodic acid because there was no evidence that the defendant was aware that the chemical could be used in the manufacturing process.

Here, Defendant Jones is charged in Count 1 with conspiracy to distribute fentanyl, the actual substance that he is charged with possessing with the intent to distribute on August 15, 2022. His possession of fentanyl on August 15, 2022 is directly probative as to conspiracy to distribute fentanyl as charged in Count 1.  United States v. Hegwood, 977 F.2d 492, 497 (9th Cir. 1992) (holding that evidence of possession of cocaine is admissible in a prosecution for intent to distribute narcotics).

Third, there was other evidence of distribution recovered on

20

August 15, 2022, that is relevant for all charges. The evidence includes Defendant's possession of other controlled substances and a scale, which is relevant and probative of the charges in Counts 1-4. <u>See</u> <u>id.</u>

Fourth, the Count 8 evidence is probative as to Count 1 because both charges occurred during the same time frame. <u>DeGeorge</u>, 380 F.3d at 1219-20. The Superseding Indictment alleges that the Conspiracy to Distribute Methamphetamine and Fentanyl charge in Count 1 began by October 2021, and continued to on or about August 31, 2022. Count 8 is charged as occurring on August 15, 2022, during the same time period as the conspiracy charge.

Both Mr. Williams and Mr. Baker admitted in their Memorandum of Plea Agreements that the conspiracy with Defendant Jones lasted until August 2022.

Here, there is ample nexus between Count 8 charging Defendant with Possession with Intent to Distribute Fentanyl and the charged Conspiracy to Distribute and Possess With Intent to Distribute Fentanyl and Methamphetamine in Count 1.

### 2.    Defendant's Concerns About Prejudice Are Properly Mitigated By Jury Instructions

Defendant argues that he will be prejudiced in the joinder of the counts because he claims the cumulative evidence may cause the jury to improperly find that he has a criminal disposition

21

and may prevent the jury from considering each count separately.

Severance is not warranted because the Court will properly instruct the jury and provide jury instructions to address the Defendant's prejudice concerns.  <u>Johnson</u>, 820 F.2d at 1070; <u>see also</u> <u>United States v. Douglass</u>, 780 F.2d 1472, 1479 (9th Cir. 1986).

The Court will provide jury instructions explaining to the jury that they must consider each count separately and address 404(b) evidence, which will mitigate Defendant's prejudice concerns.  <u>Lane</u>, 474 U.S. at 450.

Defendant has not established that the joinder of counts results in undue prejudice pursuant to Fed. R. Crim. P. 14.  <u>See</u> <u>Zafiro</u>, 506 U.S. at 540.

<u>**CONCLUSION**</u>

Defendant Jones's Motion to Sever (ECF No. 113) is **DENIED**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 18, 2024.



Helen Gillmor
United States District Judge

<u>United States of America v. Melvin Jones</u>, Crim. No. 23-00017 HG-02; **ORDER DENYING DEFENDANT MELVIN JONES'S MOTION TO SEVER COUNT 8 FROM COUNTS 1, 2, 3, AND 4 (ECF No. 113)**
22