IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 23-00017 HG-02 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MELVIN JONES (02), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ORDER DENYING DEFENDANT'S MOTION IN LIMINE NO. 2 ENTITLED "RE: COMPLETE CONFRONTATION OF COOPERATING INFORMANT WITNESSES" (ECF No. 119)**

On November 20, 2024, Defendant Melvin Jones filed a Motion in Limine requesting that his counsel be permitted to cross-examine the Government's cooperating witnesses about their plea agreements and potential sentences, including the sentencing guidelines and potential charges they may have faced prior to pleading guilty. (ECF No. 119).

On November 27, 2024, the Government filed its Opposition. (ECF No. 128).

On December 16, 2024, the Court held a hearing on the Motion. (ECF No. 166).

Defendant Melvin Jones's Motion in Limine #2 (ECF No. 119) is **DENIED.**

1

## ANALYSIS

Trial courts may limit cross-examination of a Government witness where the inquiry:

(1)  is of little relevance;

(2)  may mislead the jury or cause confusion;

(3)  is outweighed by other legitimate interests; and

(4)  is not necessary for the jury to properly assess the credibility of the witness.

Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986); United States v. Sua, 307 F.3d 1150, 1153 (9th Cir. 2002).

Trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on cross-examination of witnesses.  United States v. Larson, 495 F.3d 1094, 1102 (9th Cir. 2007) (en banc).

Limits may be placed on "cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant."  Van Arsdall, 475 U.S. at 679.

The United States Supreme Court has explained that "the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense may wish." Delaware v. Fensterer, 474 U.S. 15, 20 (1985) (per curiam).

2

I.   **Courts May Place Reasonable Limits On The Cross-Examination Of Cooperating Witnesses**

The Ninth Circuit Court of Appeals addressed the issue of limitations on the cross-examination of a cooperating witness in United States v. Larson, 495 F.3d 1094, 1103 (9th Cir. 2007) (en banc).  In Larson, the district court limited defense counsel's cross-examination of one of the cooperating witnesses.  Id.  The trial court allowed defense counsel to adequately explore the cooperating witness's motivation to lie.  Id.  The trial court ruled that further inquiry regarding the witness's potential sentence was irrelevant.  Id.

Upon review by the Ninth Circuit Court of Appeals en banc in the Larson case, the appellate court found that the defendant's Confrontation Clause rights were not violated.  Id.

Subsequent rulings by the Ninth Circuit Court of Appeals have explained that the district court may impose reasonable limits on inquiries into the possible sentences of cooperating witnesses, specifically when the witness is a co-conspirator.

For example, in United States v. Farrar, 2022 WL 212835, *2 (9th Cir. Jan. 24, 2022), the appellate court explained that the district court properly limited the defendant's cross-examination of a drug trafficking co-conspirator about the applicable mandatory minimum sentence he may have faced at sentencing.  The appellate court explained that the defendant was able to ask the

3

co-conspirator if he faced a "substantial" sentence if he had not cooperated with the Government in order to probe his incentive to testify.  Id.  The Ninth Circuit Court of Appeals ruled that any probative value in asking the co-conspirator about mandatory minimum sentences was outweighed by unfair prejudice in disclosing to the jury the possible sentence the defendant might face if found guilty.  Id.

It is inappropriate for a jury to consider or to be informed of the sentencing consequences of their verdict.  United States v. Frank, 956 F.2d 872, 879 (9th Cir. 1991).  Information about potential sentences of the defendant may lead to jury nullification.

A district court may properly limit cross-examination of a cooperating witness about his possible mandatory-minimum sentence when such testimony may inform the jury about the penalty the defendant may face for the same charge.  United States v. Tones, 759 Fed. Appx. 579, 585 (9th Cir. 2018); see also United States v. Mondragon, 747 Fed. Appx. 605, 606 (9th Cir. 2019).

## II.  Cross-Examination Of The Government's Cooperating Witnesses

The Confrontation Clause guarantees criminal defendants the right to cross-examine government witnesses regarding their biases and motivations to lie, but trial judges retain wide latitude to impose reasonable limits on such cross-examination.

See <u>United States v. Nickle</u>, 816 F.3d 1230, 1235 (9th Cir. 2016).
Limitations may be imposed where other legitimate interests
outweigh the defendant's interest in presenting the evidence so
long as the jury receives sufficient information to assess the
witness's credibility.  <u>United States v. Beardslee</u>, 197 F.3d 378,
383 (9th Cir. 1999).

     The United States Supreme Court has explained that
"providing jurors sentencing information invites them to ponder
matters that are not within their province, distracts them from
their factfinding responsibilities, and creates a strong
possibility of confusion."  <u>Shannon v. United States</u>, 512 U.S.
573, 579 (1994).  As a general matter, "jurors are not informed
of mandatory minimum or maximum sentences, nor are they
instructed regarding probation, parole, or the sentencing range
accompanying a lesser included offense."  <u>Id.</u> at 586-87.

     In this case, there is an added risk of jury nullification
because the main cooperating witness, Earl Baker, has pleaded
guilty to the same conspiracy with which Defendant Jones is
charged.  <u>Larson</u>, 495 F.3d at 1105.  Mr. Baker was specifically
listed as a co-conspirator in the Superseding Indictment.
Examination of co-conspirators about potential sentences is
particularly prejudicial because it may lead to jury
nullification where the charges are similar or the same as the
charges faced by the defendant at trial.  <u>Larson</u>, 495 F.3d at

1105; <u>United States v. Alvarez</u>, 987 F.2d 77, 82-83 (1st Cir. 1993); <u>United States v. Pressley</u>, 654 Fed. Appx. 591, 592 (4th Cir. 2016) (per curiam).

Here, Defendant may properly inquire with the Government cooperating witnesses about their understanding as to the benefit of their cooperation with the Government and their motivation for testifying.  Evidence of their presentence reports, sentencing range information in their plea agreements, and cross-examination concerning the United States Sentencing Guidelines, guideline calculations, or possible sentencing ranges is not permitted. <u>United States v. Williams</u>, 39 Fed. Appx. 541, 542 (9th Cir. 2002).

The Government witnesses may be cross-examined about their understandings as to the benefits they may have received from their plea agreements.  Evidence that the cooperating witnesses entered into a plea bargain with the Government provides Defendant with a basis to apprise the jury of the biases and motivations of the witnesses.  <u>Larson</u>, 495 F.3d at 1106-07; <u>Sua</u>, 307 F.3d at 1153; <u>Trent</u>, 863 F.3d at 706.  Defendant Jones may inquire into the cooperating witnesses' motivation to cooperate. Defendant may ask the cooperating witnesses if they believe they would face a "substantial" sentence if they did not cooperate.

Defendant may not, however, inquire about possible sentencing guideline ranges, possible mandatory minimum

6

sentences, or about statutory minimum or maximum sentences.  Such inquiries are of little probative value and are otherwise unduly prejudicial, confusing to the jury, and may result in jury nullification.  <u>Van Arsdall</u>, 475 U.S. at 679;  <u>Farrar</u>, 2022 WL 212835, at *2; <u>see United States v. Rushin</u>, 844 F.3d 933, 939 (11th Cir. 2016); <u>United States v. Trent</u>, 863 F.3d 699, 704-06 (7th Cir. 2017).

### <u>CONCLUSION</u>

Defendant Melvin Jones's Motion in Limine No. 2 Entitled "RE: Complete Confrontation of Cooperating Informant Witnesses" (ECF No. 119) is **DENIED.**

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 18, 2024.



Helen Gillmor
United States District Judge

<u>United States v. Melvin Jones</u>, Criminal No. 23-00017 HG-02; **ORDER DENYING DEFENDANT'S MOTION IN LIMINE NO. 2 ENTITLED "RE: COMPLETE CONFRONTATION OF COOPERATING INFORMANT WITNESSES" (ECF No. 119)**